IN THE UNITED STATES DISTRICT COURT

FILED
U.S. DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2007 DEC 28 A 11: 28

AUGUSTA DIVISION

CLERK

| | | |
|---|---|---|
| TIMIE RAY HOLLOBAUGH and | ) | |
| SHIRLEY JEAN HOLLOBAUGH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV 107-129 |
| | ) | |
| RICHMOND COUNTY CONSOLIDATED | ) | |
| GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs ostensibly commenced the above-captioned case pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Plaintiffs completed the standard form provided to *pro se* litigants in the United States District Court for the Southern District of Georgia (doc. no. 1) and also filed an application to proceed *in forma pauperis* ("IFP") (doc. no. 2), which was granted by the Court (doc. no. 5). As Plaintiffs' complaint was filed IFP, the Court informed Plaintiffs that it must be screened to protect potential defendants and that the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. (Doc. no. 5, p. 1). However, because Plaintiffs' complaint failed to meet the pleading requirements to state a *prima facie* Title II claim, the Court ordered Plaintiffs to amend their complaint, in accordance with the instructions provided by the Court, within fifteen (15) days of the date of the Court's October 19, 2007 Order. (Id. at 2-3). Plaintiffs were warned that, if no response is timely received from them,

the Court will presume that they desire to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. (Id. at 4). When the time to respond to the Court's October 19th Order expired without a response from Plaintiffs, the Court afforded them ten (10) additional days to amend their complaint and again warned them that, if no response is timely received from them, the Court would recommend dismissal of their case for want of prosecution. (Doc. no. 6). Plaintiffs have not responded to the Court's Orders.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . .").[1] Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiffs' failure to comply with the Court's Orders or even to provide the Court with an explanation for their failure to

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

amend their complaint amounts not only to a failure to prosecute, but also an abandonment of their case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiffs are proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiffs are proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). As such, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice, and thus, Plaintiffs are not barred from bringing a meritorious claim. The Court is simply recommending dismissal of the above-captioned case without prejudice until such time as Plaintiffs are willing to file their case <u>and pursue it</u>.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of December, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3